IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BARRY FOREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-15-948-R |
| | ) | |
| GARFIELD COUNTY DISTRICT | ) | |
| ATTORNEYS OFFICE; IRENE K. | ) | |
| ASAI; and GARFIELD COUNTY | ) | |
| DETENTION CENTER | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I.     Plaintiff's complaint.

Barry Foreman (Plaintiff), a pretrial detainee appearing pro se, brings this

42 U.S.C. § 1983 action against the Garfield County District Attorneys Office,

prosecutor Irene Asai, and the Garfield County Detention Center, complaining

about various criminal charges filed against him and his lack of access to a law

library.  Doc. 1.  United States District Judge David L Russell referred the

matter to the undersigned Magistrate Judge for initial proceedings consistent

with 28 U.S.C. § 636(b)(1)(B), (C).

### II.     Plaintiff's application for leave to proceed in forma pauperis is deficient.

At the same time he filed his complaint on September 2, 2015, Plaintiff

sought leave to proceed in forma pauperis.  Doc. 2.  On September 3, 2015, the

undersigned advised Plaintiff that his in forma pauperis application was deficient because it did not include a copy of his institutional accounts statement for the six-month period immediately preceding this filing. Doc. 6, at 1. The undersigned ordered Plaintiff to cure that deficiency by September 23, 2015. *Id.* at 2.

On September 9, 2015, instead of making any apparent effort to comply with the undersigned's order within the time allotted, Plaintiff filed what he termed a Motion and Brief to Cure Deficiencies of Order to Grant Leave in Forma Pauperis. Doc. 7. Plaintiff pointed to a previous action he filed in this Court on July 27, 2015, and stated that his "financial status has not changed since [his] entry of" that action. *Id.* at 1. And, he suggested the Garfield County Detention Facility is somehow at fault for the deficiency. *Id.* at 2.

The undersigned then advised Plaintiff that the laws of the United States provide as follows:

> "A prisoner seeking to bring a civil action . . . without prepayment of fees . . . *shall* submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period *immediately preceding the filing of the complaint . . .* obtained from the appropriate official of each prison at which the prisoner is . . . confined." 28 U.S.C. § 1915(a)(2) (emphasis added). Plaintiff has elected to bring two civil actions, seeking in forma pauperis status in each, and he must comply with the requirements of the laws of the United States in each case.

To that end, should Plaintiff wish to proceed with *this* action and

the application for in forma pauperis status, he must submit a certified copy of his institutional accounts statement for the six-month period immediately preceding the filing of his complaint in *this* case, that is, for the six-month period immediately prior to September 2, 2015. Plaintiff must do so on or before Wednesday, October 7, 2015. His failure to comply with this Order may result in the dismissal of this action.

Doc. 8, at 2 (footnote omitted).

To date, Plaintiff has not cured that deficiency, and he has not requested an extension of time to do so.

### III.   Recommendation and notice of right to object.

In the absence of the requisite certified copy of Plaintiff's institutional accounts statement for the six-month period immediately preceding the filing of the complaint in this action, Plaintiff's motion for leave to proceed in forma pauperis, Doc. 2, is deficient. The undersigned advised Plaintiff of the deficiency and provided him with the opportunity to correct it, but he has failed to cure the deficiency, to defend the sufficiency of the motion, or to request an extension of time to do so. Therefore, the undersigned recommends the denial of Plaintiff's motion for leave to proceed in forma pauperis, *id*., and further recommends the dismissal without prejudice of this conditionally filed action unless Plaintiff pays the full $400 filing fee within twenty-one days from the date of any order adopting this Report and Recommendation.

The undersigned advises Plaintiff of his right to file an objection to this

3

Report and Recommendation with the Clerk of Court on or before November 9, 2015, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 19th day of October , 2015.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE